BILLY M. SIME, OSB 823932
PARKS, BAUER, SIME, WINKLER & FERNETY LLP
570 Liberty Street SE, Suite 200
Salem, OR 97301
Tel:   503-371-3502
Fax:   503-371-0429
bsime@pbswlaw.com
       Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT GRAY PARTNERS, INC., | Case No. 3:06 -CV-1386-KI |
| Plaintiff, | **DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| CONTINENTAL WESTERN INSURANCE COMPANY, | |
| Defendant. | **Request for Oral Argument** |

Defendant Continental Western Insurance Company ("Continental Western") submits this *Memorandum In Opposition to Plaintiff's Motion for Partial Summary Judgment*, (Docket Nos.34-38), pursuant to Local Rule 56.1. Plaintiff's Motion for Partial Summary Judgment should be denied and Robert Gray is not entitled to judgment in its favor in amount for monetary damage. Rather, this Court should deny the motion and enter judgment in favor of Continental Western and against Robert Gray based upon Continental Western's Motion for Summary Judgment and supporting papers, (Docket Nos. 30-33).

### SUMMARY OF ARGUMENTS IN OPPOSITION

Robert Gray's *Motion for Partial Summary Judgment* and supporting papers fundamentally misconstrue the nature of Continental Western's coverage position and any dispute between the parties. Contrary to Robert Gray's assertions, Continental

Western has never denied coverage for Robert Gray for the Newberg arbitration claim asserted against it. Rather, Continental Western promptly acknowledged the claim, retained defense counsel to act on behalf of the insured and reserved its right to deny coverage for otherwise excluded claims or damages. All of this was consistent with Oregon law and in the insurance policies. Robert Gray would have this Court find that Continental Western denied coverage, where the undisputed facts are otherwise.

In addition, Robert Gray is not entitled to "damages" for the period of time from when it tendered the defense of the lawsuit until Continental Western accepted the defense: these attorneys' fees, costs and expenses were incurred without Continental Western's consent as part of the control of the defense. The additional expenses were incurred "voluntarily" by the insured; that is, Robert Gray and its own personnel counsel unilaterally decided the expenses were necessary to the Newberg arbitration. And, to this day, Robert Gray refuses to provide information to demonstrate that that expenses relate to the defense—as opposed to prosecution of Robert Gray's fee claim, which Continental Western has no obligation to pay. Finally, as to its own motion, Robert Gray concedes that there are "fact issues" that it will present at trial. Accordingly, as to its claims, this Court should deny the current motion for partial summary judgment.

## DISCUSSION

### A. Continental Western Agreed to Defend the Lawsuit Upon Tender.

Robert Gray's submissions to this Court display a misunderstanding of the defense of the underlying Newberg arbitration. Continental Western has consistently taken the position that it would defend Robert Gray against the arbitration claim, while reserving its right to deny coverage. Robert Gray is simply incorrect in stating that Continental Western breached a duty to defend. Continental Western has never taken a contrary position and has never denied or constructively denied that there is potentially coverage for one or more of the claims. At the time that Robert Gray filed this lawsuit

against Continental Western, Continental Western had already agreed to defend and retained counsel to do so.

The existence of a duty to defend is a legal conclusion—ultimately, for the Court to decide. *Marleau v. Truck Ins. Exchange*, 155 Or.App. 147, 963 P.2d 715 (1998). Robert Gray agrees with this. *See*, Robert Gray's *Memorandum*, Docket No. 35, pp.8-9). The facts demonstrate that Continental Western complied with any obligation that it had to defend the Newberg arbitration claim.

On May 8, 2006, Robert Gray tendered the defense of the arbitration to Continental Western with the request, "[w]e ask that you make a determination on whether you will defend this claim no later than June 1, 2006." *See*, Continental Western's *Appendix of Exhibits*, Exhibit "A," and Chenoweth correspondence of May 8, 2006 (Docket No. 31). Continental Western provided a defense to Robert Gray on May 30, 2006, which was within the time frame for a response requested by Robert Gray. *See*, Steve Needs' letter to Jack Levy dated May 30, 2006. *Id.*, Exhibit D, (Docket No. 31) and *Declaration of Brian Chenoweth*, Exhibit 14 (Docket No. 36).

On May 30, 2006, Jack Levy notified Robert Gray's attorneys Jeffrey Frasier and Brian Chenoweth that he had been hired by Continental Western ***to defend*** Robert Gray in the arbitration. Attorney Levy also did so in a telephone conversation that occurred on that date and by a confirming e-mail that he sent to Jeffery Frasier and Brian Chenoweth that date. *See, Appendix of Additional Documents*, CWIC 00079; RPGI 00197.

The following entries in the Chenoweth Law Group *Transactions Listing* confirm that conversation and e-mail: " 5/30/2006 JSF ***Telephone conference with attorney Jack Levy, appointed defense counsel, re his appointment by carrier to defend NSD's claims***," and "5/31/2006 JSF Review correspondence from Jack Levy, defense counsel appointed by carrier (email)." *See,* Exhibit 15, page 3 attached to the *Declaration of Brian Chenoweth* (Docket No. 36). Therefore, as of June 1, 2006, Robert Gray was

advised that Continental Western was providing a defense, and that Continental Western had hired Jack Levy to provide the defense.

Continental Western did not breach any duty to defend because it provided a defense to Robert Gray within the timeframe requested by Robert Gray. The fact that Jack Levy initially notified Robert Gray that Continental Western was providing a defense, instead of Continental Western providing such initial notice directly to Robert Gray, does not matter. As subsequent events would demonstrate, it is Robert Gray and its counsel that have continually prevented Continental Western from defending the lawsuit.

An insurer does not have a duty to defend until the insured formally tenders the action to the insurer to defend. *Wausau Business Insurance Company v Puget Plastics Corporation*, 2006 U.S.Dist. LEXIS 45014 (D. Oregon); *American Casualty Co. v Corium*, 139 Or App 58, 910 P. 2d 1151 (1996); *Spring Vegetable Co. v Hartford Cas.Ins. Co.*, 801 F. Supp 385 (D. Or. 1992); *Hartford Accident & Indemnity Co. v. Gulf Insurance Co.*, 776 F2d 1380 (7th Cir. 1985). Here, the duty to defend arose, if at all, only at such time that Robert Gray, or its counsel, decided that enough time had passed and perhaps the insurer should be notified of the ongoing dispute and claims of property damage. Upon receipt of the one-page claim, Continental Western retained defense counsel and informed the insured of the agreement to defend the lawsuit.

In August 2004, Robert Gray was aware of Newberg School district's assertion that Robert Gray caused damage from water intrusion that occurred in August 2004. This water event and damage occurred more than one year prior to the arbitration claim and one and one-half years prior to the date that Robert Gray notified Continental Western. Robert Gray was involved in discussion and negotiations with Newberg long before the arbitration demand. And, after receiving the arbitration notice, Robert Gray waited about four or five months to provide notice to Continental Western of the dispute and the possible application of insurance coverage. It begs the question: Why did Robert Gray

Page 4 – DEFENDANT CONTINENTAL WESTERN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

wait so long? After all, it had an obligation to provide notice to Continental Western promptly of facts that might give rise to a claim and "immediately" with documents relating to claims or lawsuits. (*See*, Insurance policy, Section IV, *Conditions*, ¶2, attached as Exhibit 1 to the *Amended Complaint* (Docket No. 25). Still, Robert Gray waited, and, after Robert Gray finally provided notice to Continental Western on May 8, 2006, Continental Western responded properly and promptly. An insured has an equal duty of good faith and fair-dealing and the duty of fair-dealing and good-faith is a two-way street. See, *Diamond Heights Homeowners Ass'n v. National American Ins. Co.*, 36 Cal.App.4th 500, 42 Cal.Rptr.2d 295 (2nd Dist. 1995). Robert Gray's delayed notice and its refusal to produce information to Continental Western relating to the defense activities of the Chenoweth Law Group suggest that Robert Gray may not be acting in good faith.

It is undisputed that Continental Western agreed to defend Robert Gray against the Newberg arbitration claim. By May 30, 2006, it had agreed to defend, retained defense counsel, and communicated with the insured through its appointed defense counsel. And, defense counsel repeatedly attempted to communicate with the insured and begin the defense of the claim. *See*, Continental Western's *Statement of Facts*, ¶s 12-15).

Robert Gray's reliance, moreover, on correspondence and communication after August 2006, is irrelevant to its breach of contract claims. Robert Gray refers this Court to communications after the filing of its lawsuit on August 21, 2006. Those communications all post-date the lawsuit and can have no role in the "breach of contract" claims. Soon after tendering the lawsuit, and after Continental Western accepted the defense, Robert Gray raised the issue of "reimbursement." That is, Robert Gray claims that Continental Western breached its defense obligation, in part, by reserving the right to seek reimbursement for defense expenses in the event a Court determined that there was no coverage. *See*, Robert Gray's *Statement of Facts*, ¶14, and Exhibit 8. There are two

problems with this concept. First, Continental Western did not "reserve" this right in its correspondence to the insured of May 18, 2007. It was Robert Gray's counsel that first raised or mentioned so-called reimbursement. Second, there is no Oregon law to support the contention that an insured can insist on the "waiver" of certain rights by the insurer. Indeed, the opposite is true: Where an insurer agrees to defend a lawsuit, even with reservations, the insured cannot insist on conditions for the defense and waiver of rights. *Ferguson v. Birmingham Fire Ins. Co.*, 254 Or. 496, 460 P.2d 342 (1969).

> B. **Continental Western Has No Obligation to Reimburse Robert Gray for the Attorneys' Fees, Costs and Expenses Incurred From May 8, 2006, to June 14, 2006.**

Robert Gray also seeks a ruling by this Court that Continental Western must pay certain expenses. However, Continental Western has no obligation to pay the attorneys' fees, costs and expenses allegedly incurred by Robert Gray from May 8, 2006, to June 14, 2006. Continental Western had retained counsel to defend the arbitration; it did not agree and had and has no obligation to agree to defend by any other counsel. And, even if it had such an obligation, Robert Gray continues to refuse to provide information demonstrating the reasonableness and necessity of the incurred expenses. For the following four reasons, Robert Gray's motion for partial summary judgment on this issue should be denied.

First, Continental Western promptly agreed to defend upon tender of the defense on May 8, 2006. In that correspondence, Robert Gray imposed the unilateral deadline of June 1, 2006, to respond and Continental Western met it. Continental Western retained counsel to defend the lawsuit, as set forth above, and was required only to pay for the reasonable and necessary attorneys' fees, costs and expenses related to the defense of the Newberg arbitration claim. The insured, at the same time, has obligations to comply with Continental Western's right to control the defense. The policy provides, among other things, that:

> No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

*See*, Insurance policy, Section IV, *Conditions*, ¶2(d), p.10 of 15, attached as Exhibit 1 to the *Amended Complaint* (Docket No. 25). The insured's cooperation with the insurer is, after all, one of the conditions of the policy and instrumental to a proper defense of potentially-covered claims. *See*, A. Windt, *Insurance Claims and Disputes*, §3.2 (5th Ed. 2006).

None of the incurred expenses were approved or agreed-to by Continental Western. Robert Gray had months if not years to provide notice and ask Continental Western to retain experts. Instead, Robert Gray retained its own experts prior to providing notice to Continental Western of the claim. *See*, Mockford deposition, Exhibit J, *Defendant's Appendix of Exhibits In Opposition to Plaintiff's Motion for Partial Summary Judgment*. Yet, Robert Gray attempted to pass this expense on to the insurer as a *fait accompli*.

Second, Continental Western did not agree to the continued representation by the Chenoweth Law Group. Robert Gray clearly wanted to keep its own selected attorneys as defense counsel; however, this is not a choice it could force on Continental Western. Having the right and duty to defend, Continental Western also had the right to control the defense. *Two Bears Co. v. American State Ins. Co.*, 1999 U.S. App. Lexis 10912 (9th Cir. 1999) (Oregon law). Continental Western was under no legal obligation to pay the Chenoweth Law Group, as opposed to Jack Levy, to defend.

By reserving its right, Continental Western did not impose conditions on the defense; rather, the defense was unqualified and complete. Continental Western notified the insured that there might not be coverage for certain damage claims based upon policy conditions, such as excluded damages or damage that was outside of the policy period. The cases cited by Robert Gray do not support its position; indeed, the cases support Continental Western. *Northwest Pump & Equip. Co. v. American States Ins. Co.*, 144 Or.App. 222, 925 P.2d 1241 (1996); *Bailey v. Universal Underwriters*, 258 Or. 210, 474 P.2d 746 (1970). Both opinions were rulings in favor of the insurer.

In *Northwest*, the Court held that the duty to defend is contractual but that the insurer had not breached its duty to defend, in reversing the lower courts order of summary judgment for the insured. The Court affirmed that an insurer cannot be penalized for failing to defend a lawsuit that that policy did not intend to protect against. There, the insurer had flatly refused to defend; the insured defended and settled the lawsuit, on its own; the insured then sued to recover the settlement amount; yet, the court held that the insurer was entitled to litigate the application of policy provisions vis-à-vis the settlement. Here, Continental Western has never denied coverage; it defended; it settled the lawsuit and paid selected defense counsel for its attorneys' fees, costs and expenses.

In *Bailey*, also relied upon by Robert Gray, the Court held that an insurer that denies coverage, may risk waiver of policy defenses, but the Court affirmed that the insurer could deny coverage based upon the insured's failure to cooperate and provide notice. The *Bailey* court also affirmed that an insurer, given notice of a potentially-covered claim, has a right and duty to investigate the claim in the course of making its coverage determination: a course followed by Continental Western in the short-time demanded by the insured. Neither case supports the position and actions taken by Robert Gray.

Third, Robert Gray refuses to provide information demonstrating how the attorneys' fees, costs and expenses relate to the defense of the Newberg arbitration and includes expenses unrelated to the defense. Even to this day, Robert Gray refuses to provide key defense-related documents, while it asks for Continental Western to pay for them.[1] In the documents submitted, some invoices refer to preparation of mediation briefs and review of architect documents regarding "miscues." (*See*, Declaration of Chenoweth, Docket No. 36 and Exhibit 15, invoices). Robert Gray has refused to provide copies of

---

[1] At the time of this submission, Continental Western's *Motion to Compel* relating to discovery is pending. (Docket Nos. 27-29).

the *Mediation Statement* and expert reports and document that it now claims relate to the defense of the lawsuit.

Robert Gray does not claim—nor can it—that Continental Western is obligated to prosecute its fee claim. There is no dispute that Continental Western has no obligation to pay: (1) attorneys' fees, costs and expenses unrelated to the defense of the lawsuit; (2) unreasonable or unnecessary expenses. *Spada v. Unigard Ins. Co.*, 232 F.Supp.2d 1155 (D. Or. 2002), *aff'd part*, 80 Fed.Appx. 27 (9th Cir. 2003); and, *see, E.E.O.C. v. Southern Pub. Co., Inc.*, 705 F.Supp. 1213, (S.D. Miss. 1988), *aff'd in part*, 894 F.2d 785 (5th Cir. 1990). An insurer is no liable to pay expenses that are not necessary or related to the defense of claims. Here, Robert Gray refuses to even provide the information that would demonstrate that its selected counsel's tasks related to the defense of water damage claims.

Fourth, Robert Gray admits that it does not know what amount is owed. It boldly states, in its motion for *summary* judgment, that the "exact amount of damages will be resolved at trial" and "at trial, the parties can litigate the amount owed." (*See*, Robert Gray's *Memorandum*, pp.2, 16). This is inappropriate and demonstrates that Robert Gray is not entitled to judgment. Even now, moreover, it will not provide information to Continental Western to show what amounts if any relate to the defense of the Newberg arbitration.

This Court should deny Robert Gray's request for partial summary judgment that Continental Western owed a duty to defend from the date of tender beginning on May 8, 2006, up to June 14, 2006. Although Robert Gray tendered the defense on May 8, 2006, it did not demand that Continental Western agree to accept the defense prior to June 1, 2006; that is, this is the deadline that Robert Gray has set.[2] Accordingly, even by its own calculus, Robert Gray is not entitled to defense costs incurred prior to June 1, 2006.

---

[2] Even though Robert Gray's imposition of a "deadline" was arbitrary and unsupported by Oregon law, Continental Western complied with it.

Page 9 – DEFENDANT CONTINENTAL WESTERN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Moreover, an insurer is allowed reasonable time to review the pleadings and the policy of insurance in order to determine whether it owes a duty to defend: indeed, it may be legally obligated to do so prior to responding to notice of a potentially-covered claim. A reasonable amount of time will depend on the clarity of the pleadings and the complexity of the insurance coverage issues. In some circumstances, before making a determination whether to provide a defense, it may be necessary for a claims representative to do some research, or to have the claim reviewed by a supervisor or a claims committee, or to obtain a legal opinion from an attorney. What is a reasonable amount of time for an insurer to respond to a tender of defense beyond the time deadline imposed by the insured is a question of fact in most cases. Robert Gray is not entitled to a partial summary judgment that Continental Western had a duty to defend from the date of tender beginning on May 8, 2006.

Here, Continental Western responded to the tender and assigned and retained defense counsel within 16 business days (not including Saturdays and Sundays). This is reasonable. Continental Western has no obligation to respond to and accept Robert Gray's request to pay for expenses. Robert Gray is unable to state which expenses relate to the defense and it refuses to provide the contemporaneous information to support the claims. Accordingly, this Court should deny Robert Gray's request for judgment for any defense expenses.

///
///
///
///
///
///
//

## CONCLUSION

For the reasons stated above, the Court should deny Robert Gray's *Motion for Partial Summary Judgment* (Docket Nos. 34-38). And, this Court should grant judgment in favor of Continental Western Insurance Company and against Robert Gray, as set forth in Continental Western's *Motion for Summary Judgment*, (Docket Nos.30-33).

Dated this 10th day of September 2007.

PARKS, BAUER, SIME, WINKLER & FERNETY LLP


By: _____/s/_____
Billy M. Sime, OSB 823932
Attorneys for Defendant


Billy M. Sime
Parks, Bauer, Sime, Winkler & Fernety LLP
570 Liberty Street SE, Suite 200
Salem, Oregon 97301
Phone: (503) 371-3502
Fax:    (503) 371-0429

Vincent P. Tomkiewicz
Bollinger, Ruberry & Garvey
500 West Madison Street, Suite 2300
Chicago, Illinois 60661
Phone: (312) 466-8000
Fax: (312) 466-8001

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2007, I served the foregoing DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT on the following parties by electronic means through the Court's Case Management/Electronic Case File system:

Brian D. Chenoweth, OSB No. 944991
Brooks M. Foster, OSB No. 042873
brianc@northwestlaw.com
brooks@northwestlaw.com
601 SW 2nd Avenue, Suite 1940
Portland, OR 97204
    Of Attorneys for Plaintiff

Vincent P. Tomkiewicz
vincent.tomkiewicz@brg-law.net
500 West Madison Street, Suite 2300
Chicago, IL 60661
    Of Attorneys for Defendant


Dated this 10th day of September, 2007.

                                              /s/
                                Billy M. Sime, OSB No. 823932
                                Of Attorneys for Defendant
                                Parks Bauer Sime Winkler & Fernety LLP
                                570 Liberty St SE, Suite 200
                                Salem OR 97301
                                (503) 371-3502; Fax (503) 371-0429
                                bsime@pbswlaw.com