IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT GRAY PARTNERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-1386-KI |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CONTINENTAL WESTERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Brian D. Chenoweth
    Brooks M. Foster
    Chenoweth Law Group, PC
    601 S.W. Second Avenue, Suite 1940
    Portland, Oregon 97204-3176

        Attorneys for Plaintiff

    Billy M. Sime
    Parks, Bauer, Sime, Winkler & Fernety LLP
    570 Liberty Street SE, Suite 200
    Salem, Oregon 97301

        Attorney for Defendant

KING, Judge:

Plaintiff Robert Gray Partners, Inc. ("Robert Gray") brings this breach of contract action against its insurer, Continental Western Insurance Company ("Continental"), to recover $7,117 in defense costs incurred by Robert Gray in the time between May 8, 2006, when Robert Gray tendered its defense of an arbitration, and June 14, 2006, when Robert Gray turned the defense over to counsel retained by Continental.

Continental seeks a declaratory judgment that it has not breached its insurance contract with Robert Gray. Robert Gray seeks partial summary judgment finding that Continental breached the insurance contract for refusing to pay the reasonable defense costs incurred during the this period. Robert Gray intends to prove the amount of damages at trial.

Continental contends that it promptly provided a defense to Robert Gray on receipt of the arbitration demand but reserved its right to deny coverage for claims that did not come within the policy or were excluded. Continental argues that it is entitled to select defense counsel and to otherwise control the defense without conditions required by the insured. According to Continental, it paid for all attorney fees, costs, and expenses incurred in the defense and it has no obligation to pay for Robert Gray's fees and costs incurred in the arbitration to recover its professional fee. Rather than cooperate, Continental claims that Robert Gray and its personal counsel continued to litigate the arbitration and did not give Continental's retained defense counsel access to personnel and information.

Robert Gray contends that Continental did not offer a defense until June 14 because that is the date that Continental informed Robert Gray that it had retained counsel to defend the claim. During that time, Robert Gray claims that it had no reasonable choice but to defend itself. Robert

Gray also argues that even by June 14, Continental had not made a clear coverage determination on its duty to defend, leaving Robert Gray concerned that it would have to pay for counsel that it had not chosen.

I deny the cross motions for summary judgment because I am unable to determine as a matter of law if Continental breached the insurance contract. Robert Gray delayed tendering the arbitration claim for four months. Because of the delay, Robert Gray needed counsel immediately. For its part, Continental communicated at the beginning with its retained counsel rather than its insured, leaving Robert Gray understandably confused. Continental was also slow about providing a reservation of rights letter to Robert Gray. For these reasons, I will need to hear all the facts in the court trial to make a decision.

Plaintiff's Motion for Partial Summary Judgment (#34) and Defendant's Motion for Summary Judgment (#30) are denied.

IT IS SO ORDERED.

Dated this     29th     day of October, 2007.

 /s/ Garr M. King
Garr M. King
United States District Judge